IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SEBASTIAN ROBINSON,
# 08527-025,

Petitioner,

vs.

JAMES CROSS,

Respondent.                                            Case No. 16-cv-20-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

Petitioner Sebastian Robinson ("Robinson"), who is an inmate in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Robinson specifically seeks restoration of 54 days of good conduct credit that was revoked as punishment for two disciplinary infractions at FCI-Greenville in August 2014. This matter is now before the Court for preliminary review of the habeas petition.[1]

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall

---

[1] Robinson filed an unsigned § 2241 petition on January 7, 2016. (Doc. 1). The Court ordered him to file a properly signed petition on or before February 16, 2016. (Doc. 3). He complied with this Order by filing a properly signed and timely petition on January 19, 2016. (Doc. 4). Document 4 supersedes and replaces the original petition (Doc. 1), rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  The petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## I.     Habeas Petition

On August 20, 2014, a correctional officer at FCI-Greenville discovered two homemade tattoo needles and heating elements (known as "stingers") in the cell that Robinson occupied with another inmate.  (Doc. 4-1 at 1).  The officer issued Robinson and his cellmate disciplinary tickets for violations of Code 108 – possession of a hazardous tool; Code 305 – possession of anything not authorized; and Code 329 – destroying, altering, or damaging government property worth $100.00 or less.  (*Id.*).

Robinson's disciplinary ticket contains the following handwritten statement that was later attributed to him: "I will take responsibility for the needle because I know it wasn't [m]y cellies, but it wasn't mine, it was another inmates that visited me in cell." (*Id.* at 2).  He denied having possession or knowledge of the stingers. Based on Robinson's acceptance of responsibility for the needles, however, the Unit Disciplinary Committee ("UDC") recommended that the Code 305 and Code 329 charges be expunged.  (Doc. 4 at 11).  The UDC also recommended that the Code 108 charge for possession of needles be reduced to a Code 305 charge. (*Id.*).

The Disciplinary Hearing Officer ("DHO") did not accept this

recommendation. At Robinson's disciplinary hearing on September 2, 2014, the DHO concluded that Robinson violated Code Nos. 108 and 305, but did not specifically attribute these violations to possession of the stinger. (Doc. 4-1 at 4-5). Robinson received the following punishment for the Code 108 violation: (1) a 41- day loss of good conduct credit; (2) a 90-day suspension of MP3 privileges; (3) a 30-day denial of access to personal property; and (4) a 14-day placement in disciplinary segregation (suspended pending 120 days of clear conduct). He also received the following punishment for the violation of Code 305: (1) a 14-day loss of good conduct credit; (2) a 30-day suspension of commissary privileges; and (3) a 30-day suspension of phone privileges.

On September 12, 2014, Robinson filed a Regional Administrative Remedy Appeal. He asked that the UDC recommendations be accepted. (Doc. 4-1 at 6). The regional director denied the appeal, after the DHO amended the findings and conclusions to state that Robinson violated Code 108 for possession of stingers and Code 305 for possession of needles.

Robinson claims that the DHO exceeded his authority and violated Robinson's right to due process of law when modifying the findings and conclusions in this manner. (Doc. 4 at 12). He was never charged with either rule violation and was entitled to a new hearing on both sets of charges. However, he was denied the right to present testimony and call witnesses in connection with these charges.

Robinson filed an appeal of the Regional Director's decision with the

Central Office. On March 10, 2015, Robinson received notification from the Central Office that additional time was needed for a response. (Doc. 4-1 at 11-12). He never received one. (*Id.*). The instant § 2241 petition followed. (Doc. 4).

## II.     Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Robinson presents a due process challenge to his disciplinary sentence. In the context of a prison disciplinary hearing, due process requires that the prisoner receive: (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell*, 418 U.S. 539 (1974). A disciplinary decision must be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns)); *Austin v. Pazera*, 797 F.3d 437 (7th Cir. 2015);

*Granberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Robinson's request for restoration of good conduct credit is properly raised in the habeas petition. *Jones*, 637 F.3d 841 (presenting due process claim); *Waletzki*, 13 F.3d 1079 (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). His claim of specific due process violations in connection with disciplinary charges and hearing are also properly addressed in this habeas action. Without commenting on the merits of Robinson's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts.

### III. Disposition

**IT IS HEREBY ORDERED** that the unsigned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) that was filed on January 7, 2016, is **VOID**. The original petition is superseded and replaced by the signed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 4) that was filed in this matter on January 19, 2016. *See Flannery,* 354 F.3d at 638 n.1.

**IT IS HEREBY ORDERED** that respondent shall answer the § 2241 petition (Doc. 4) or otherwise plead within thirty days of the date this order is entered (**on or before March 3, 2016**).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

**IT IS ALSO ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.02.02 12:01:16 -06'00'

_____
DAVID R. HERNDON
United States District Judge