IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SEBASTIAN ROBINSON,

    Petitioner,

vs.                                     Civil No. 16-cv-020-DRH-CJP

MELISSA LOHMAN,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Sebastian Robinson was an inmate in the BOP at the time he filed his petition for habeas relief pursuant to 28 U.S.C. §2241. Respondent notified the Court that petitioner was transferred from FCI Greenville to a Residential Reentry Center. See, Doc. 16. The Court updated the docket sheet to reflect petitioner's new address as stated by respondent. However, respondent later informed the Court that the address was incorrect. The Court then updated the docket sheet to reflect the corrected address. See, Doc. 25.

According to the BOP's website (https://www.bop.gov/inmateloc/), petitioner has been released from custody. Petitioner has not informed the Court of his new address.

In its order on preliminary review, the Court warned petitioner of the consequences of failure to keep the Court informed of his whereabouts:

> Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

1

Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

Doc. 5, p. 6.

In addition, a recent Notice of Impending Dismissal imparted the same warning. That notice warned petitioner that he would face sanctions, including dismissal of this action, if he did not file a change of address by June 8, 2018. See, Doc. 28.

Clearly, petitioner has not kept the Court informed of his whereabouts. This Court gave petitioner the "warning shot" required by *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) in Docs. 5 & 28. Petitioner has failed to diligently pursue this case. Pursuant to *Johnson v. Chicago Board of Education*, 718 F. 3d 731 (7th Cir. 2013), the Court has considered whether a sanction short of dismissal of this case might be fruitful, and finds that it would not.

## Conclusion

This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.20
07:05:36 -05'00'

United States District Judge